USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

C.Q. and J.Q.,

                                      Plaintiffs,

         -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
*et al.*,

                                      Defendants.

------------------------------------------------------------------------ x

21-cv-00003 (JGH)-(HJR)

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

**WHEREAS**, Plaintiffs C.Q. and J.Q., (together, "Plaintiffs"), filed this action on or about January 2, 2021, against Defendants the New York City Department of Education, the Board of Education of the City School District of the City of New York, Chancellor Richard Carranza and Chancellor David Banks, in their official capacities (collectively, "Defendants," and with Plaintiffs, the "Parties"); and

**WHEREAS**, the Parties are engaged in discovery in this action that requires the production of documents and information that the Parties deem to be confidential;

**WHEREAS**, this Protective Order is intended to allow the Parties to designate material as confidential, and to limit the use and re-disclosure of those documents or that information;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:

1.    As used herein, "Confidential Material" shall mean the following documents, whether or not embodied in any physical or electronic medium, and any and all information contained within those documents: (i) all documents and things that contain any personally identifiable information ("PII"), about Plaintiffs and their relatives, as well as any other student or

former student, and their relatives; (ii) all Education Records,[1] other student records, and all documents and things that contain identifying information about Plaintiffs and their relatives as well as any other students and former students, as that term is defined pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 C.F.R. Part 99; (ii) all documents and information containing personal health or disability information of any party hereto, their relatives, or any student or former student and their relatives, including but not limited to such documents and information covered by the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and such records disclosed by a Party or non-party pursuant to any Court order, Authorization to Release Medical Records or Authorization to Release Psychotherapy Notes executed by the Plaintiffs, Parties, or non-parties in this action; (iii) all documents deemed confidential by operation of state or federal law;(vi) all documents and information containing any employment-related information or personnel records of any party hereto, their relatives, or any student or former student and their relatives, or any individual witnesses; and (v) any other category of information given confidential status by this Court after the date of this Order.

    a. PII is defined as any information that can be used to identify a specific person.

    2.    In addition, the following documents and information produced or provided by the Parties or non-parties during the course of this action, except information which is publicly available, may be designated by any party as Confidential Material subject to the terms herein:

    (a)    all documents and information relating to the private, personal, and non-public information of Parties and/or non-parties in this action, including but not limited to financial information concerning the Plaintiffs;

---

[1] The term "Education Records" means the type of records covered by 34 C.F.R. Part 99 and 34 C.F.R. §§ 300.611 through 300.625 for education records.

(b) any other documents and/or information which counsel believes in good faith to be Confidential Material that can be protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c), upon application to the Court.

3. This Stipulation and Protective Order shall apply to all Confidential Material and/or materials produced and/or disclosed during the course of this action and in relation to this action by any Party or non-party, including but not limited to information produced or disclosed:

(a) In any pleading, letter, memorandum of law, affidavit, affirmation, declaration, interrogatory answer, responses to requests for admission, brief, motion, transcript, exhibit, or any other document or writing;

(b) In any statement made by counsel in a court hearing and before the Court during any appearance that is recorded or is open to the public;

(c) In testimony given in a deposition, court hearing, or trial, and any copies, or summaries of such information; or

(d) Through releases, discovery requests, subpoenas or any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

4. A Party may designate documents that it produces or discloses in this action, or information contained within those documents, as "Confidential Material" by marking with the legend "CONFIDENTIAL" each page containing such information that it sends to the receiving Parties.

5. No document or information shall be deemed "Confidential Material" to the extent that it is publicly available defined as published on the internet.

6. Parties and their counsel shall not use any Confidential Material for any purpose other than for the preparation or presentation of the Parties' case in this action, and shall not produce or disclose Confidential Material to any third-party, subject to the following exceptions

3

to whom Confidential Material may be produced or disclosed:

    (a)    The named Parties;

    (b)    The Parties' counsel, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in the preparation or presentation of the Parties' case in this action;

    (c)    The Parties' experts and consultants, and any necessary assistants or employees under the experts' or consultants' direct supervision, as necessary for the preparation or presentation of the Parties' case in this action in accordance with the procedures set forth in Paragraph 10 of this Protective Order;

    (d)    Any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this action only in accordance with the procedures set forth in Paragraph 10 of this Protective Order;

    (e)    Any therapists, doctors, teachers, social workers, case managers, school administration, ABA providers, transition programs and service providers (including driving schools), related service providers and other individuals involved in providing treatment, assessment, or special education services to J.Q., with the understanding that those individuals are legally bound to keep the information Confidential;

    (f)    Any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 10 of this Protective Order;

    (g)    Court reporters, as necessary for the conduct of this litigation;

    (h)    The Court, pursuant to the provisions of this Protective Order or a hearing officer or state review officer in an impartial hearing concerning J.Q.; and

    (i)    **Notwithstanding this provision, J.Q. and C.Q. can use any documents specifically identifying J.Q., including but not limited to documents concerning J.Q.'s education, employment, disability, mental health and/or physical health in any matter and for any purpose that they choose, regardless of whether those documents are obtained from parties and/or non-parties**.

7.    Nothing in this Stipulation and Protective Order shall be construed to limit, modify, or interfere in any manner with:

(a) The disclosure obligations of the Defendants under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions;

(b) The interpretation, application, and implementation by the Defendants of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations, such as FERPA;

(c) Defendants', or any of their employees' or officials', use in the ordinary course of business and as permitted by law outside of this litigation of documents and information designated as Confidential Material in this litigation that they legally have in their possession and which were not received through discovery in this litigation; and

(d) **Plaintiffs' use of any documents concerning or pertaining to J.Q. or C.Q.**

8. The inadvertent production of Confidential Material without appropriate designation of confidentiality shall not be deemed a waiver of any claim of its status as Confidential Material. Upon receiving reasonable notice from the producing Party that the produced Confidential Material has not been appropriately designated, all such information shall be re-designated promptly as Confidential Material and treated accordingly.

9. As used herein, disclosure of Confidential Material includes the written or oral transmission of the document or information designated as Confidential Material.

10. A Party's counsel may disclose Confidential Material, and/or the information contained therein, to a person identified in sub-paragraphs 6(c), 6(d), and/or 6(f) of this Protective Order only after: (a) advising such person that, pursuant to this Protective Order, they may not divulge Confidential Material to any other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. A Party's counsel shall retain each signed Non-Disclosure Agreement and provide a copy of each signed Non-Disclosure Agreement to counsel for the disclosing Party upon request and before any person to whom such

Confidential Material is disclosed is permitted to testify (at deposition or trial).

11. Deposition testimony concerning any Confidential Material as defined in Paragraph 1 shall be deemed confidential, and the portions of the transcript that includes such testimony, together with any exhibits consisting of Confidential Material, shall be prominently marked "CONFIDENTIAL." These portions of the transcript shall be deemed to be Confidential Material within the meaning of this Protective Order. In addition, any additional section of a deposition may be designated as Confidential Material: (a) if a Party's counsel so states before the close of the record at a deposition, or (b) upon written notice to Parties' counsel, designating the page and line, within fifteen (15) days of receipt of the transcript. Further, Parties' counsel shall not disclose any deposition transcript before expiration of said fifteen-day period to any person who has not previously signed the form attached as Exhibit A as required by paragraph 6.

12. Provided that the Parties use the initials of the Plaintiffs in any pleading, motion, letter or other submission filed with the Court that references underlying records or documents that constitute Confidential Material, the Party using Confidential Material concerning Plaintiffs is not required to redact that information from the submission filed on the publicly available docket. However, no party shall file underlying records or documents that constitute Confidential Material on the public docket, unless such records or documents are redacted or filed under seal. The Parties agree to provide courtesy copies of any redacted documents or documents filed under seal to the other Parties by email or secure file sharing system. The Parties agree to provide courtesy copies to the judge or magistrate judge herein, if the Court requires such an unredacted courtesy copy, with a request that the courtesy copy not be included in the public file and that courtesy copy be deemed "Confidential." In order to file documents under seal, the Party will follow the Local Rules of the Southern District of New York and/or Judge Koeltl's Individual

Rules.

13. Nothing herein shall preclude a Party from offering Confidential Material into evidence or otherwise alter its trial strategy. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or to cause a Party to be in breach of this Stipulation and Protective Order when acting in compliance with an order or direction of the Court.

14. Any delay in filing occasioned by the need for such a court order described in Paragraph 12 directing the sealing of Confidential Material, or placing the entire pleading, motion, or submission under seal, shall not result in a motion for default by the Party not seeking such order or otherwise prejudice any Party's rights.

15. A Confidentiality designation by one Party made pursuant to this Protective Order shall not be deemed an acknowledgment of confidentiality by any other Party except for purposes of this Stipulation and Protective Order. At any time, a Party may object to a Confidential designation in whole or in part, by communicating the objection in writing to the Party that has designated such material as Confidential (the "Designating Party") and stating the reasons for the objection. Within fourteen (14) days after receiving an objection, the Designating Party shall respond in writing to the objecting Party, either withdrawing the designation or providing the reasons why the designation will not be withdrawn. If the objecting Party is not satisfied with the response, it may then move before the Court for an order that the Confidential designation be removed. The Designating Party shall bear the burden of establishing the confidentiality of the material at issue. The discovery material shall continue to be treated as Confidential while such a motion is pending. Any Party may request an *in camera* review of the information that is the subject of a dispute regarding a confidentiality designation.

16. Except as provided herein, nothing in this Protective Order is intended to restrict,

limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Material, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Material from disclosure.

17. If any Party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of materials produced by another Party and designated as Confidential, the Party so requested shall give immediate written notice to the Designating Party of such subpoena or other notice. Upon receipt of such notice, the Designating Party so notified shall bear the burden of opposing, if appropriate, the subpoena or other notice on grounds of confidentiality. In no event shall production or disclosure be made before reasonable notice is given to the Designating Party.

18. This Protective Order shall be without prejudice to the rights of the Parties to oppose production of any document or information on any and all grounds other than confidentiality.

19. Within thirty (30) days after the termination of this case, including any appeals, any Confidential Material, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to counsel for the disclosing Party upon request or, upon the written consent of the disclosing Party's counsel, shall be destroyed, except that (a) counsel for the Parties may retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Material, which would otherwise be subject to the terms of this paragraph, and (b) counsel for Plaintiffs and Plaintiffs may retain copies of any Confidential Material that references or concerns C.Q. or J.Q.. Such papers and deposition transcripts which may be retained in accordance with this paragraph by Counsel shall

be conspicuously marked "Contains Confidential Material Subject to Protective Order." Plaintiffs themselves need not mark documents pertaining to them and there are no restrictions on their use following the close of this action. The Parties shall also endeavor to ensure that all persons who have received or who have possessed Confidential Material pursuant to paragraph 6(b)-(d) and (f) verify the return or destruction of those Confidential Materials.

20. Nothing in this Stipulated Protective Order shall otherwise be construed to limit the disclosing Parties' use of Confidential Material in any legally permitted manner subject to the terms set forth herein.

21. The Parties reserve the right to individually seek modification of this Protective Order by application to the Court for good cause shown.

22. Electronic or faxed copies of signatures of this Protective Order shall have the same force and effect as original signatures. The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

Dated: _____April 22_____, 2025
           New York, New York

| | |
|---|---|
| **OFFICE OF THE<br>CORPORATION COUNSEL** | **THE LAW OFFICE OF ELISA<br>HYMAN, P.C.** |
| By: /s/ Jason Imbiano_____<br>      Jason Imbiano | By:_____<br>         Elisa Hyman |
| MURIEL GOODE-TRUFANT<br>Corporation Counsel of the City of<br>New York<br>*Attorney for Defendants*<br>100 Church Street, 2nd Floor<br>New York, New York 10007<br>(212) 356-8766 | The Law Office of Elisa Hyman, P.C.<br>*Attorney for Plaintiffs*<br>1115 Broadway, 12th Floor<br>New York, New York 10010<br>(646) 572-9064 |

SO ORDERED:

_____
HON. Henry J. Ricardo
UNITED STATES MAGISTRATE JUDGE

Dated: April 23, 2025
         New York, NY

## EXHIBIT A

I, _____, the undersigned, hereby swear under penalty of perjury that I have read the Stipulation of Confidentiality and Protective Order (the "Order") entered in the United States District Court for the Southern District of New York dated _____ in the action titled *C.Q.., et al. v. New York City Department of Education, et al.*, 21-cv-00003 (JGH)(HJR) and understand the terms thereof. I agree not to use the Confidential Material as defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Material except in testimony taken in this case. I aver that the Confidential Material and any copies, notes, or other records that I make regarding the Confidential Material shall not be used or disclosed by me or my agents to others.

Dated:_____   _____
                                                                                 Signature

                                                                                 _____
                                                                                 Name (Printed)

                                                                                 _____
                                                                                 Occupation